**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| STEVEN HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-00157 |
| | ) | |
| HD SUPPLY, INC., d/b/a WHITE CAP, and | ) | Honorable John E. Martin |
| BRANDON COOK, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO THE COMPLAINT

Defendants HD SUPPLY CONSTRUCTION SUPPLY LTD. ("HD Supply"), incorrectly named HD Supply, Inc. d/b/a White Cap, and BRANDON COOK ("Cook") (collectively, "Defendants"), by and through their undersigned attorneys, for their answers and defenses to the Complaint ("Complaint") of Plaintiff STEVEN HERNANDEZ ("Hernandez" or "Plaintiff"), state as follows:

### NATURE OF ACTION

1.      This is an action for damages and injunctive relief caused by, inter alia, Defendants' violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

## ANSWER:

Defendants admit that Plaintiff purports to bring his Complaint under the FMLA, but deny they violated the law, and deny all other allegations contained in Paragraph 1.

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617.

## ANSWER:

Defendants admit that this Court has jurisdiction over the Complaint pursuant to the statute identified in Paragraph 2, but deny the allegations contained in the Complaint, and deny any other allegations contained in Paragraph 2.

3.      The unlawful employment practices described herein were committed within the State of Indiana, in the place of Plaintiff's employment at HD Supply in Griffith, Indiana. Accordingly, venue in the Northern District of Indiana is proper pursuant to 28 U.S.C. §1391(b).

**<u>ANSWER</u>:**

Defendants admit Plaintiff asserts the allegations contained in the Complaint occurred at HD Supply's facility in Griffith, Indiana, and admit venue is proper pursuant to the statute identified in Paragraph 3.  Defendants deny they committed any unlawful employment practices as alleged in the Complaint, and deny any other allegations contained in Paragraph 3.

**PARTIES**

4.      Plaintiff, Steven Hernandez, is a United States citizen and resident of Lake County, Indiana.

**<u>ANSWER</u>:**

Defendants admit that Plaintiff is a United States citizen, but lack knowledge or information sufficient to form a belief as to the allegation that Plaintiff is a resident of Lake County, Indiana.

5.      Plaintiff was employed by Defendants from 2008-2009, for approximately one year, then was re-hired in July, 2011 until his termination November 22, 2013.

**<u>ANSWER</u>:**

Defendants admit that Plaintiff was employed by Defendants from 2008-2009, and then again between May 2012, when Plaintiff was assigned to the Griffith, Indiana facility, and November 22, 2013, when Plaintiff was terminated.  Defendants deny the remaining allegations contained in Paragraph 5.

6.      Hernandez was an "eligible employee" as defined by the FMLA, in that he worked for Defendants at least 1,250 hours during the twelve months prior to his request for leave; and each of the named defendants was an "employer" under the FMLA in that each one, during all relevant times, acted, directly or indirectly, in the interest of an employer to any of the employees of such employer.

2

**ANSWER:**

The allegations in Paragraph 6 assert a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff completed 1,250 hours of work for HD Supply in the twelve months prior to Plaintiff's request for FMLA leave in the fall of 2013.  Defendants deny the remaining allegations contained in Paragraph 6.

7.      HD Supply, Inc. ("HD Supply") HD Supply [sic] is one of the largest industrial distributors in North America. HD Supply, doing business as White Cap, distributes specialized hardware, tools, engineered materials and safety products to non-residential and residential contractors.

**ANSWER:**

Defendants admit that HD Supply distributes hardware, tools, engineered materials and safety products to non-residential and residential contractors.  Defendants deny the remaining allegations contained in Paragraph 7.

8.      At all times relevant to this action, HD Supply, Inc. has had at least fifteen employees.

**ANSWER:**

Defendants admit that HD Supply has at least fifteen employees.  Defendants deny the remaining allegations contained in Paragraph 8.

9.      At all times relevant to this action, HD Supply has had at least fifty employees within a seventy-five mile radius of Plaintiff's worksite.

**ANSWER:**

Defendants admit that HD Supply has at least fifty employees within a seventy-five mile radius of its Griffith, Indiana facility.  Defendants deny the remaining allegations contained in Paragraph 9.

10.     Defendant Brandon Cook ("Cook") is an individual who, upon information and belief, lives at 228 Plum Creek Drive, Schererville, Lake County, Indiana, and who works at HD SUPPLY in Griffith, Indiana.

**ANSWER:**

Defendants admit only that Cook works at HD Supply's Griffith, Indiana facility. Defendants deny the remaining allegations contained in Paragraph 10.

11.    At all times relevant to this complaint, Cook acted in the interest of HD SUPPLY with regard to Hernandez.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 11.

12.    At all relevant times Cook had the authority to grant, deny, or facilitate Plaintiff's request for FMLA leave, as well as the authority to terminate Hernandez and/or recommend his termination and/or provide information to decision makers regarding his termination.

**ANSWER:**

Defendants admit only that Cook had the authority to recommend and/or provide information about Plaintiff's termination between May 2012, when Plaintiff was assigned to the Griffith, Indiana facility, and November 22, 2013, when Plaintiff was terminated.  Defendants deny the remaining allegations contained in Paragraph 12.

13.    Cook was, at all times relevant to this Complaint, HD Supply's Griffith Branch Manager.

**ANSWER:**

Defendants admit that Cook was the Branch Manager for HD Supply's Griffith, Indiana facility.

14.    Cook was, at all times relevant to this Complaint, one of Hernandez's direct supervisors.

**ANSWER:**

Defendants admit that Cook was one of Plaintiff's direct supervisors between May 2012, when Plaintiff was assigned to the Griffith, Indiana facility, and November 22, 2013, when Plaintiff was terminated

15.     Cook was HD Supply's representative in the hearing on HD Supply's appeal of Plaintiff's unemployment benefits on February 3, 2014.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 15.

16.     Cook was the only witness to offer testimony in the unemployment appeals hearing.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 16.

17.     At all relevant times, Plaintiff performed work that benefited, HD SUPPLY and Cook, making them Plaintiff's employers for purposes of the FMLA.

**ANSWER:**

The allegations in Paragraph 17 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 17.

### ALLEGATIONS GIVING RISE TO CAUSES OF ACTION

18.     Hernandez worked most recently for HD SUPPLY from July, 2011 until his termination on November 22, 2013 in HD SUPPLY's Griffith branch as a driver.

**ANSWER:**

Defendants admit that Plaintiff worked at HD Supply's Griffith, Indiana facility as a driver and was terminated on or about November 22, 2013.  Defendants deny the remaining allegations contained in Paragraph 18.

19.     Throughout his employment, Hernandez was an exemplary employee, receiving his first write-up on February 17, 2013, a disciplinary action he disputed at the time.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 19.

20.     In Hernandez's performance review for the year 2012, Brandon Cook rated Hernandez's employment as "on target" and Hernandez received a raise and a bonus in early 2013.

**ANSWER:**

Defendants admit the quoted language in Paragraph 20 is contained in Plaintiff's 2012 performance review, but deny that Paragraph 20 completely, and therefore accurately, reflects the entirety of the review or Plaintiff's entire performance.  Defendants admit the remaining allegations contained in Paragraph 20.

21.     Some time in early September, 2013, Hernandez informed his supervisor that Hernandez's mother required major surgery, a total knee replacement of her right knee, and that Hernandez would need to take time off to care for her.

**ANSWER:**

Defendants admit Plaintiff informed HD Supply that his mother was having surgery and requested time off to care for her.  Defendants deny the remaining allegations contained in Paragraph 21, including that Plaintiff informed Cook that his mother was having surgery and requested time off to care for her.

22.     The supervisor's reaction was not supportive or responsive. In fact, he took no action to secure the FMLA leave for Hernandez and Hernandez was forced to repeatedly request the appropriate FMLA paperwork.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 22.

23.     Finally, on October 31, two days before Hernandez needed the leave, Hernandez was called to a meeting with Beth Collins Allen, HD Supply's Human Resources Manager, via speakerphone.

**ANSWER:**

Defendants admit that Plaintiff met with Beth Allen on or about October 31, 2013. Defendants deny the remaining allegations contained in Paragraph 23.

24.     During that meeting, Hernandez was told to "hurry up" and fill out the paperwork before he took the leave.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 24.

25.     Hernandez told Ms. Allen that he had made the FMLA request many weeks earlier. She only responded again that he needed to "hurry up."

**ANSWER:**

Defendants deny the allegations contained in Paragraph 25.

26.     This was not the first time that Cook had interfered with Hernandez's FMLA rights.

**ANSWER:**

The allegations in Paragraph 26 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 26.

27.     One year earlier, in October, 2012, Hernandez had requested FMLA leave to care for his mother during her total knee replacement of her left knee.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 27.

28.     Then, as in 2013, Cook failed to take appropriate action regarding the request; in fact, in 2012, Cook did not ever provide FMLA leave paperwork to Hernandez.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28.

29.     When Hernandez took the very short leave, Cook called Hernandez and told him that he was writing him up for a "no call/ no [sic] show".

**ANSWER:**

Defendants deny the allegations contained in Paragraph 29.

30.     Hernandez appealed to Cook's boss, Jeremiah George.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 30.

31.    Only because George apparently intervened, Cook did not take the threatened action against Hernandez.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 31.

32.    Only a day or two into his November, 2013 two-week leave, Hernandez began getting harassing calls from Cook. Among other things, Cook accused Hernandez of misplacing the keys to Hernandez's truck, when in fact, Hernandez had returned the keys properly.

**ANSWER:**

Defendants admit only that Cook inquired about the keys to Plaintiff's truck.  Defendants

deny the remaining allegations contained in Paragraph 32.

33.    Hernandez returned to work after two weeks, on Monday, November 18th. He did not receive his FMLA approval letter until then.

**ANSWER:**

Defendants admit only that Plaintiff returned to work after two weeks of leave.

Defendants deny the remaining allegations contained in Paragraph 33.

34.    Five days after returning to work, Hernandez was fired.

**ANSWER:**

Defendants admit only that Plaintiff was terminated from his employment at HD Supply.

Defendants deny the remaining allegations contained in Paragraph 34.

35.    The reason given for the termination was that, days earlier, Hernandez had violated safety rules when he rubbed a yellow guard pole with the side of his truck.

**ANSWER:**

Defendants admit only that Plaintiff was terminated for committing safety violations.

Defendants deny the remaining allegations contained in Paragraph 35.

36.     However, when Hernandez originally reported the incident to his supervisor, he was told that it was "no problem", since there was no damage and the paint wiped off easily.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 36.

37.     The reason given for the termination is mere pretext. The real reason for the firing is retaliation and/or discrimination, including retaliation for twice re questing [sic] FMLA leave.

**ANSWER:**

The allegations in Paragraph 37 assert a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 37.

38.     Other HD Supply employees who have not requested FMLA and who have not been fired include Brandon Gold, who failed to secure a 50 gallon drum filled with hazardous material, causing a spill on a roadway, and Giovanni Pacelli, a driver who has been in several motor vehicle accidents and who, in August, 2013, plead guilty to exceeding the legal speed limit in Lake County Case 45D07-1306-IF-08475.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38.

39.     Pacelli was also arrested in 2012 in Cook County, Illinois and charged with Domestic Battery.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 39.

40.     Despite being arrested for an alleged violent crime and despite his history of traffic violations and/or accidents, Pacelli remains employed at HD Supply.

**ANSWER:**

Defendants admit only that Giovanni Pacelli is currently employed by HD Supply.

Defendants lack knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 40.

41.     Despite negligence that resulted in a HazMat cleanup, Brandon Gold remains employed at HD Supply.

**ANSWER:**

Defendants admit only that Brandon Gold is currently employed by HD Supply.

Defendants deny the remaining allegations contained in Paragraph 41.

42.     Following Plaintiff's termination, he filed for unemployment benefits with Indiana's Department of Workforce Development.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 42.

43.     Despite the Department of Workforce Development determining that Plaintiff was entitled to unemployment benefits, HD Supply chose to contest this determination and to request an appeals hearing.

**ANSWER:**

Defendants admit only that HD Supply contested Plaintiff's request for unemployment

benefits.  Defendants deny the remaining allegations contained in Paragraph 43.

44.     Brandon Cook represented HD Supply in the hearing, testifying in opposition to Plaintiff's claim for unemployment benefits.

**ANSWER:**

Defendants admit only that Brandon Cook testified at Plaintiff's unemployment hearing.

Defendants deny the remaining allegations contained in Paragraph 44.

45.     Defendants had no legitimate, non-retaliatory or non-discriminatory reason for Plaintiff's firing after years of service, and any reason proffered is pretextual. Defendants' actions and omissions described herein constitute willful violations of law.

**ANSWER:**

The allegations in Paragraph 45 assert a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 45.

## Count I (Brought Against Both Defendants)

### Family and Medical Leave Act – FMLA Interference

46.     Plaintiff incorporates paragraphs 1 through 45, as if fully incorporated herein.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 45, inclusive, as if fully set forth herein.

47.     The matters set forth in this Count arise from Defendants' violations of the FMLA, 29 U.S.C. §2601, *et seq.*

**ANSWER:**

The allegations in Paragraph 47 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 47.

48.     Both in 2012 and 2013, Plaintiff's mother suffered from a "serious health condition", as defined by the FMLA, 29 U.S.C. §2611(11); and Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

**ANSWER:**

The allegations in Paragraph 48 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations for 2012 but admit the allegations as to 2013.

49.     Pursuant to the FMLA, Plaintiff was entitled to take leave pursuant to the FMLA, both in 2012 and 2013 in order to tend to his sick mother.

**ANSWER:**

The allegations in Paragraph 49 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations for 2012 but admit the allegations as to 2013.

50.     In 2012 AND [sic] 2013, Defendants failed to properly notify Plaintiff of his rights under the FMLA, and in 2012, they failed to grant FMLA leave to Plaintiff, even though he qualified for such leave.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 50.

51.     In 2012, Defendant HD Supply, by and through its supervisor Brandon Cook, illegally threatened to assess a "no call-no show" against Plaintiff for his absence that was protected by the FMLA.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 51.

52.     In 2013, Cook illegally harassed Plaintiff during his FMLA leave time, fabricating issues about which to bother him while he was caring for his mother, such as a bogus allegation that Plaintiff had left keys in his truck.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 52.

53.     As a result of Defendants' actions, practices, and policies, Plaintiff was wrongfully denied the 2012 FMLA leave, and the 2013 leave was illegally interfered with.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 53.

54.     Plaintiff is entitled to damages for said interference with his FMLA rights.

**<u>ANSWER:</u>**

Defendants deny the allegations contained in Paragraph 54.   Answering further, Defendants deny that Plaintiff is entitled to any of his requested relief and respectfully request judgment in their favor along with their costs, expenses and any such further relief as may be appropriate.

<u>COUNT II (BROUGHT AGAINST BOTH DEFENDANTS)</u>

FAMILY AND MEDICAL LEAVE ACT – FMLA RETALIATION

55.     Plaintiff incorporates paragraphs 1 through 55, as if fully incorporated herein.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 54, inclusive, as if fully set forth herein.

56.     The matters set forth in this Count arise from Defendants' violations of the FMLA, 29 U.S.C. §2601, *et seq.*

**ANSWER:**

The allegations in Paragraph 56 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 56.

57.     Both in 2012 and 2013, Plaintiff's mother suffered from a "serious health condition", as defined by the FMLA, 29 U.S.C. §2611(11); and Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

**ANSWER:**

The allegations in Paragraph 57 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations for 2012 but admit the allegations as to 2013.

58.     Pursuant to the FMLA, Plaintiff was entitled to take leave pursuant to the FMLA, both in 2012 and 2013 in order to tend to his sick mother.

**ANSWER:**

The allegations in Paragraph 58 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations for 2012 but admit the allegations as to 2013.

59.     Defendants illegally retaliated against Plaintiff for requesting and taking FMLA leave by, among other things, fabricating a story about missing keys, terminating Plaintiff's employment, and actively opposing his application for unemployment benefits.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 59.

60.     Plaintiff is entitled to damages for said retaliation for his exercising his FMLA rights.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 60.   Answering further, Defendants deny that Plaintiff is entitled to any of his requested relief and respectfully request judgment in their favor along with their costs, expenses and any such further relief as may be appropriate.

### COUNT III (BROUGHT AGAINST HD SUPPLY, INC., ONLY)

#### AMERICANS WITH DISABILITIES ACT - DISCRIMINATION

61.     All previous paragraphs are incorporated herein. Sometime in the summer of 2012, Plaintiff informed his immediate supervisor, Brandon Cook, that he had diagnoses of narcolepsy and sleep apnea, and that he was taking medication for those medical conditions.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 60 inclusive, as if fully set forth herein.  Defendants deny the remaining allegations contained in Paragraph 61.

62.     Charging Party so informed Cook in order to comply with DOT regulations and company rules. However, he did not request or need any accommodation from Defendants.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 62.

63.     Cook's response to Plaintiff was negative, and Cook told Plaintiff that he could not take medication and drive.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 63.

64.    Cook's [sic] provided no information that supported his assertion that Plaintiff could not drive while on medication for narcolepsy and/or sleep apnea.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 64.

65.    After learning about the diagnoses, Cook began regularly harassing Plaintiff about the illnesses. For example, Cook would tell Plaintiff that he was a danger; Cook would ask Plaintiff, "did you hit anything?"; Cook refused to train Plaintiff on the forklift; Cook told Plaintiff that he did not think he should be working for Defendants; Cook would make comments in front of other employees about the fact that Plaintiff sweats and shakes, and Cook would ask Plaintiff if he had an anxiety disorder.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 65.

66.    Cook also sent Charging Party for a drug screening, which he did not force other similarly situated non-disabled employees to do.

**ANSWER:**

Defendants admit only that Plaintiff was subjected to mandatory drug testing during his

employment.  Defendants deny the remaining allegations contained in Paragraph 66.

67.    The above-listed behavior by Cook was severe and pervasive, done with malice or reckless indifference to Plaintiff's federally protected rights, and amount to harassment and/or discrimination.

**ANSWER:**

The allegations in Paragraph 67 assert a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny the allegations contained in

Paragraph 67.

68.    Cook targeted Plaintiff with unfair and unwarranted disciplinary treatment, such as verbal reprimands for not following directions, and a write-up for not reporting minor damage to a vehicle when Plaintiff had, in fact, reported the damage.

**ANSWER:**

Defendants admit only that Plaintiff received verbal and written reprimands during his employment with HD Supply. Defendants deny the remaining allegations contained in Paragraph 68.

69.     Cook also illegally denied Plaintiff a day of FMLA leave to Plaintiff in October, 2012, and threatened his job.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 69.

70.     Other employees of Defendants who have been treated more favorably than Plaintiff and who did not share medical diagnoses with Cook include Giovanni Pacelli, Craig Boonstra, David Orr, and Brandon Gold.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 70.

71.     Plaintiff does not suffer from a disability, but is regarded as suffering from a disability by Brandon Cook, who routinely questioned Plaintiff's ability to perform his job in light of the diagnoses of narcolepsy and sleep apnea.

**ANSWER:**

The allegations in Paragraph 71 assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 71.

### COUNT IV (BROUGHT AGAINST HD SUPPLY, INC. ONLY)

#### AMERICANS WITH DISABILITIES ACT - RETALIATION

72.     Plaintiff incorporates paragraphs 1 through 71, as if fully incorporated herein.

**ANSWER:**

Defendants restate and incorporate by reference their answers to Paragraphs 1 through 71, inclusive, as if fully set forth herein.

73.     Plaintiff timely filed a charge of disability discrimination with the EEOC (Charge #470-201400301). A copy of the charge was faxed to Defendants on October 29, 2013.

**ANSWER:**

Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination.  Defendants also admit that the EEOC sent a copy of the charge to HD Supply.  Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 73.

74.     During the two days after Defendants received the faxed EEOC charge of discrimination, and during Plaintiff's FMLA leave, Defendant's managers and supervisors called Plaintiff to harass him about supposedly missing truck keys that were not, in fact, missing.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 74.

75.     On November 22, 2013, less than a month after filing his discrimination charge, Plaintiff was fired.

**ANSWER:**

Defendants admit only that Plaintiff was terminated on or about November 22, 2013. Defendants deny the remaining allegations contained in Paragraph 75.

76.     Defendants asserted a safety rule violation as the reason for termination, but this reason is mere pretext. Defendants exhibited malice or reckless indifference to Plaintiff's federally protected rights.

**ANSWER:**

The allegations in Paragraph 76 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff was terminated because he committed safety violations.  Defendants deny the remaining allegations contained in Paragraph 76.

77.     Plaintiff was meeting his employer's legitimate expectations. The real reason for the firing was illegal intent, including retaliation for filing for FMLA leave and retaliation for filing the EEOC charge.

**ANSWER:**

The allegations in Paragraph 77 assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 77.

78.     Plaintiff filed a second EEOC charge (Charge # 470-2014-00496) for retaliation. He received Notices of Right to Sue on both charges February 14, 2014, which is within ninety days of the filing of this lawsuit.

**ANSWER:**

Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging retaliation, and that the EEOC issued Plaintiff a Notice of Right to Sue in or around February 2014.   Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 78.

WHEREFORE, Plaintiff respectfully requests that this Court find in his favor and against each of the defendants, and enter an order as follows:

A.     Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA and ADA;

B.     Enjoining and permanently restraining these violations of the FMLA and ADA;

C.     Finding in Plaintiff's favor on each count and against the Defendants, and awarding Plaintiff back wages and lost benefits due to Defendants' violations of the FMLA and ADA;

D.     Awarding Plaintiff front pay and benefits under the FMLA and ADA;

E.     Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding punitive damages pursuant to the ADA;

G.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff [sic] connection with this action; and

H.     Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

**ANSWER:**

Defendants deny that Plaintiff is entitled to any of his requested relief and respectfully request judgment in their favor along with their costs, expenses and any such further relief as may be appropriate.

### JURY TRIAL DEMAND

Plaintiff hereby requests a jury on all issues so triable.

**ANSWER:**

Defendants deny that Plaintiff's claims are entitled to reach a jury, but request a jury trial on all issues that may reach trial.

### AFFIRMATIVE AND OTHER DEFENSES

For their affirmative and other defenses, Defendants allege and incorporate their answers, as if fully set forth herein, contained in Paragraphs 1 through 78 of the Complaint and further state as follows:

1.      Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the Charges of Discrimination Plaintiff filed against Defendants with the Equal Employment Opportunity Commission, EEOC Charge Nos. 470-2014-00301 and 470-2014-00496.

2.      Plaintiff's claims are barred, in whole or in part, to the extent they allege discriminatory or retaliatory conduct occurring more than 300 days from the dates Plaintiff filed his Charges of Discrimination against Defendants with the Equal Employment Opportunity Commission, EEOC Charge Nos. 470-2014-00301 and 470-2014-00496.

3.      Plaintiff's claims are barred for failure to exhaust administrative remedies.

4.      Plaintiff fails to state a claim upon which relief may be granted for any purported disability discrimination because Plaintiff's alleged actual or perceived disability was not a motivating factor in any actions taken by Defendants relating to Plaintiff.

5.      Plaintiff fails to state a claim upon which relief may be granted for any purported retaliation because Plaintiff failed to engage in any protected activity.  To the extent Plaintiff engaged in protected activity, Plaintiff's protected activity was not the but-for cause of any actions taken by Defendants relating to Plaintiff.

6.      Plaintiff's FMLA claim fails to state a claim upon which relief may be granted because Plaintiff was not eligible for FMLA leave.  To the extent Plaintiff was eligible for FMLA leave, Plaintiff failed to request leave, exhausted such leave, and/or was provided such leave.

7.      HD Supply has policies in place prohibiting discrimination, interference and retaliation against individuals in categories protected by state and federal laws, and provides procedures for effective and immediate redress and resolution of all such matters.  Plaintiff failed to utilize such procedures and/or Defendants promptly and adequately responded to any complaints of discrimination, interference or retaliation made by Plaintiff.

8.      Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

9.      Defendants' employment decisions regarding or affecting Plaintiff were based on legitimate, nondiscriminatory reasons that were in no way related to any actual or perceived disability or other alleged protected status, Plaintiff's alleged requests for or use of FMLA leave, or Plaintiff's purported complaints.

10.     Plaintiff's damages may be barred, in whole or in part, as Defendants had reasonable grounds to believe that their actions were not unlawful.

11.     Plaintiff is not entitled to any punitive damages because Defendants did not willfully violate any statute or act recklessly, wantonly or willfully.

12.     Plaintiff's claims for relief are barred, in whole or in part, by his failure to mitigate, or by his mitigation of, his damages, if any.

13.     Plaintiff's claims are barred, in whole or in part, by any additional after-acquired evidence that may arise during these proceedings.

14.     Defendants deny every allegation, whether expressed or implied, that is not unequivocally and specifically admitted in their Answer.

15.     Defendants reserve their right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

**WHEREFORE**, Defendants HD SUPPLY CONSTRUCTION SUPPLY, LTD. and BRANDON COOK respectfully request that this Court enter an Order:

(1)     Giving Plaintiff nothing by way of his claims herein;

(2)     Entering judgment in favor of Defendants on all claims;

(3)     Dismissing the Complaint with prejudice;

(4)     Awarding Defendants the attorneys' fees they have incurred in defending this action, as may be just, proper and in accordance with the law;

(5)     Awarding Defendants the costs of suit they have incurred in this action, as may be just, proper and in accordance with the law; and

(6)     Entering such other and further relief as the Court may deem just and proper.

[Signature follows on the next page]

DATED:   July 7, 2014                                    Respectfully submitted,


                                                         By:   /s/ Katherine A. Manuel
                                                               Attorneys for Defendants HD SUPPLY
                                                               CONSTRUCTION SUPPLY, LTD. and
                                                               BRANDON COOK

Tobias E. Schlueter* (IL Bar No. 6278392)
Katherine A. Manuel* (IL Bar No. 6315551)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:  312.807.3619
*tobias.schlueter@ogletreedeakins.com*
*katherine.manuel@ogletreedeakins.com*

*\*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on July 7, 2014, a copy of the foregoing ***Defendants' Answer and Defenses to the Complaint*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> Marissa McDermott
> **MCDERMOTT LAW OFFICE**
> 9013 Indianapolis Boulevard
> Highland, Indiana 46322
> *marissa@mcdermottlegal.net*
>
> ***Attorneys for Plaintiff***

> _/s/ Katherine A. Manuel_____
> One of the Attorneys for Defendants
> HD SUPPLY CONSTRUCTION SUPPLY LTD.
> and BRANDON COOK

17937164.2